## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JEREMY DAVID OLUMA, individually and as Next Friend of T.O.O., a Minor Child,<br><br>Petitioner,<br><br>v.<br><br>MAITE L. OLUMA, STATE OF MINNESOTA, HUBBARD COUNTY SHERIFF, HUBBARD COUNTY ATTORNEY, MINNESOTA ATTORNEY GENERAL, STATE OF TEXAS, FORT BEND COUNTY ATTORNEY GENERAL, TEXAS ATTORNEY GENERAL, STATE OF UTAH, UTAH COUNTY ATTORNEY, and UTAH ATTORNEY GENERAL,<br><br>Respondents. | Case No. 25-cv-1000 (LMP/JFD)<br><br>**ORDER** |

Petitioner Jeremy David Oluma ("Oluma") brought a petition for a writ of habeas corpus ("Petition") seeking relief from the conditions of his release on bond in Minnesota pending proceedings to determine whether he will be extradited to Texas to face criminal charges pending against him there. *See generally* ECF No. 1. Rather than pay the associated filing fee, Oluma filed an application to proceed *in forma pauperis* ("IFP Application"). ECF No. 2. The Court conducted a pre-service review of the Petition pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* ECF No. 18 at 4. Upon completion of that review, the Court entered an order on April 21, 2025, denying and dismissing the Petition because Oluma has

not exhausted his state-court remedies and because he largely requested relief that is not available in habeas proceedings. *See id.* at 4–7. As a result, the Court also denied Oluma's IFP Application as moot. *Id.* at 7.

Shortly after the Court entered the order dismissing the Petition, Oluma filed a notice of appeal to the Eighth Circuit. ECF No. 19. Oluma subsequently filed a motion asking the Court to rule on his IFP Application. *See* ECF No. 20. The Court entered an order explaining that it denied Oluma's IFP Application as moot in the order dismissing the Petition. ECF No. 21. Oluma then filed two additional motions purporting to seek a ruling on his IFP Application, ECF No. 24, and requesting a waiver of his PACER fees, ECF No. 25. Although Oluma references the IFP Application that the Court has already denied (ECF No. 2), the Court construes the motions as requests to grant Oluma IFP status for his appeal. *See* ECF No. 24 at 1 (referencing Federal Rule of Appellate Procedure 24(a)(1), which governs appellate IFP applications).

A party who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). A party may not proceed IFP on appeal, however, if the district court certifies that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)).

2

Oluma's appeal is not taken in good faith. His notice of appeal states only that he appeals the Court's order denying the Petition, but Oluma states no grounds for the appeal and does not identify any legal error in the Court's order. *See* ECF No. 19 at 1. Oluma's motions seeking IFP status on appeal also do not offer any clarity as to the basis for Oluma's appeal. Rather, Oluma merely reiterates his belief that the Court has not ruled on his first IFP Application. *See* ECF No. 24 at 1–3. Even if Oluma would otherwise qualify for IFP status due to indigency, as he states, *see* ECF No. 25, the Court cannot discern a reasonable basis for Oluma's appeal from any of Oluma's filings.

The Court likewise denies Oluma's request to waive PACER fees. *See id.* Parties, including those acting pro se, "get one 'free look' at documents electronically filed in their case." *Blackwell v. Soc. Sec.*, No. 23-cv-1865 (JRT/JFD), 2024 WL 169107, at *1 (D. Minn. Jan. 16, 2024) (citation omitted). After the "free look," PACER charges a fee, but PACER fees are waived for any user that spends less than $30 in a fiscal quarter and all court opinions are free. *Id.* In addition, all litigants in the District of Minnesota may view the docket sheet or documents filed in their case at the public terminals in the Clerk's Office.[1] Oluma has not alleged that he lacks access to filings, and he has shown that he is capable of filing numerous documents on the Court's docket. In short, Oluma has not demonstrated that an exemption "is necessary to avoid unreasonable burdens and to promote public access to information." *Id.*

---

[1]   *See Electronic Filing of Documents*, U.S. DIST. CT., DIST. OF MINN. (last visited Apr. 28, 2025), https://www.mnd.uscourts.gov/sites/mnd/files/Information-Sheet_Electronic-Filing-of-Documents.pdf [https://perma.cc/3TG6-SHQQ].

3

Accordingly, the Court denies Oluma's request to proceed IFP on appeal. Oluma may, of course, seek such approval directly from the Eighth Circuit pursuant to Federal Rule of Appellate Procedure 24(a)(5). However, Oluma should be aware that this matter in this Court (No. 25-cv-1000) is closed, and the Court will not entertain additional filings in this case.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Oluma's requests to proceed IFP on appeal (ECF Nos. 24–25) are **DENIED**.

Dated: April 28, 2025
                *s/Laura M. Provinzino*
                Laura M. Provinzino
                United States District Judge